UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

           Plaintiff,

    v.

**JON MICHAEL HARDER**,

           Defendant.

Case No. 3:12-CR-00485-KI

ORDER DENYING REQUEST TO SEAL

    S. Amanda Marshall
    United States Attorney, District of Oregon
    Allan M. Garten
    Michelle Holman Kerin
    Assistant United States Attorneys
    1000 S.W. Third Ave., Suite 600
    Portland, OR 97204-2902

        Attorneys for Plaintiff

Page 1 - ORDER DENYING REQUEST TO SEAL

      Christopher J. Schatz
      Assistant Federal Public Defender
      101 SW Main St., Suite 1700
      Portland, OR 97204

      Robert B. Hamilton
      Pacific Northwest Law, LLP
      121 SW Salmon St., Suite 1420
      Portland, OR 97204

          Attorneys for Defendant

KING, Judge:

    Defendant asks me to seal the Indictment containing language I previously ordered stricken for being confusing and prejudicial. See Order on Mot. to Strike Surplusage from Indict. (March 17, 2014) [61]. Although I agree with defendant's logic that sealing the indictment would simply implement my order, I cannot grant his request after reviewing the Ninth Circuit's standard for sealing documents.

    There is a strong presumption in the Ninth Circuit of public access to court records, even in criminal cases. Foltz v. State Farm Mut. Auto. Ins., 331 F.3d 1122, 1135 (9th Cir. 2003) (citing United States v. Edwards, 672 F.2d 1289, 1294 (7th Cir. 1982)). Such a presumption can only be trumped by compelling reasons. The only reason defendant offers is his concern about media publicity and its possible effect on biasing the jury venire. However, "pretrial publicity does not . . . lead in every criminal case to an unfair trial." Seattle Times Co. v. U.S. Dist. Court for the W. Dist. of Wash., 845 F.2d 1513, 1517 (9th Cir. 1988) (district court's order sealing pretrial release documents was clearly erroneous as a matter of law in case involving five counts of product tampering). To assess the prejudicial impact of publicity, I must evaluate "its capacity to inflame and prejudice the entire community." Id. at 1518. The size of the jury pool in this

Page 2 - ORDER DENYING REQUEST TO SEAL

division, which includes Portland's metropolitan area, the small number of references to the offending terms in the Indictment, and the availability of alternatives to sealing, such as voir dire, peremptory challenges, and jury admonitions, persuade me to deny defendant's request to seal the Indictment.  The government is ordered, however, to immediately file an Indictment that comports with my Order of March 17, 2014.

    IT IS SO ORDERED.

    DATED this   2nd   day of May, 2014.


                                          /s/ Garr M. King
                                        Garr M. King
                                        United States District Judge