**NATALIE K. WIGHT, OSB #035576**
United States Attorney
District of Oregon
**JULIA E. JARRETT**
Julia.Jarrett@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
      Attorneys for United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:12-cr-00485-SI |
| Plaintiff, | |
| v. | **UNITED STATES OF AMERICA'S APPLICATION FOR WRIT OF EXECUTION AND WRIT OF ENTRY** |
| JON MICHAEL HARDER, | |
| Defendant. | |

     The United States of America, by its attorneys, Natalie K. Wight, United States Attorney for the District of Oregon, and Julia E. Jarrett, Assistant United States Attorney, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. §§ 3002, 3102, 3202, 3203 of the Federal Debt Collection Procedures Act ("FDCPA"), requests this Court issue an Order for the issuance of a Writ of Execution and Writ of Entry to levy property in which the Defendant, Jon Michael Harder ("Defendant"), has a substantial nonexempt interest, as follows:

**UNITED STATES OF AMERICA'S APPLICATION TO**            Page 1
**ISSUE WRIT OF EXECUTION AND WRIT OF ENTRY**
*United States v. Jon Michael Harder (3:12-cr-00485-SI)*

1.      The defendant is Jon Michael Harder (SSN: XXX-XX-6789) [1], and his last known

address is in Canyonville, Oregon.

## FEDERAL CRIMINAL RESTITUTION OBLIGATION

2.      On September 18, 2012, a 56-count Indictment was filed with this court charging

Defendant with mail fraud, wire fraud and engaging in monetary transactions in property derived

from specified unlawful activity in violation of 18 U.S.C. §§ 2, 1341, 1343 and 1957. ECF No. 1.

3.      On January 8, 2015, Defendant plead guilty to Counts 13 and 51 of the

Indictment, in violation of 18 U.S.C. §§ 2, 1341, 1957. ECF No. 107.

4.      On November 17, 2015, this court sentenced Defendant and issued the Judgment

in a Criminal Case (ECF 210). On December 2, 2015, this court entered an Amended Judgment

in a Criminal Case correcting a clerical error (ECF 219). On 10/26/2023, this Court entered a

Second Amended Judgment (ECF 370) and imposed a Criminal Monetary Penalty for restitution

requiring Defendant to immediately pay $74,062,211.92. *Id*. at 6-7. As of the date of this

application, $74,059,211.92 of the restitution obligation remains outstanding.

## FEDERAL DEBT COLLECTION PROCEDURES ACT

5.      Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arose against all

of Defendant's property and rights to property.[2]

---

[1] Pursuant to Fed. R. Civ. P. 5.2, the Defendant's social security number has been redacted to the last four digits. Upon request of the court, the full social security number will be provided *in camera*.

[2] The Federal Debt Collection Procedures Act defines "property" as including "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension

6.      18 U.S.C. § 3613 sets forth the procedures for the government to collect criminal monetary penalties, such as restitution. It specifically provides that the government may enforce these debts in accordance with the practices and procedures under federal and state law for the enforcement of a civil judgment. *Id*. § 3613(a).

7.      Codified in 28 U.S.C. § 3001 et seq., the Federal Debt Collection Procedures Act ("FDCPA"), applies to the enforcement of criminal monetary penalties such as restitution. 28 U.S.C. § 3002(3)(B); 18 U.S.C. § 3613(a), (f).

8.      The FDCPA provides the exclusive civil procedures for the government to collect restitution. 28 U.S.C. §§ 3001(a), 3002(3).

9.      Pursuant to the FDCPA, the government may enforce restitution through a writ of execution. *See id*. §§ 3202(a); 3203.

10.     The FDCPA provides that the levy on property pursuant to a writ of execution under Section 3203 of the FDCPA shall be made under the procedures set forth under Section 3102 of the FDCPA for pre-judgment attachment of property. *Id*. § 3203(d)(1).

11.     Section 3102 of the FDCPA, in turn, provides that "[i]n performing the levy, the United States marshal may enter any property owned, occupied, or controlled by the debtor, *except that the marshal may not enter a residence or other building unless the writ expressly authorizes the marshal to do so or upon specific order of the court*." *Id*. § 3102(d)(2) (emphasis added). That section also provides that "[l]evy on personal property is made by taking possession of it." *Id*.

---

trusts))." 28 U.S.C. § 3002(12).

**UNITED STATES OF AMERICA'S APPLICATION TO**                    **Page 3**
**ISSUE WRIT OF EXECUTION AND WRIT OF ENTRY**
*United States v. Jon Michael Harder (3:12-cr-00485-SI)*

12.     Although not a requirement in an application for a FDCPA writ of execution or writ of entry, for the Court's background and understanding, the government is including with this application some background information about Defendant's financial transaction related to the vehicle. *See* Declaration of Michael McLaren in Support of United States' Application for Writ of Execution and Writ of Entry ("McLaren Declaration").

13.     The Ford F-150 detailed below is one of the only assets the government has identified that defendant currently owns and has any real value. As such, the Ford F-150 should be levied, sold, and the proceeds applied to Defendant's restitution.

## DEFENDANT JON HARDER'S PROPERTY

14.     The United States became aware that on July 7, 2023, Harder purchased a new 2023 Ford F-150, VIN 1FTEW1E84PFB44361 ("Ford F-150") for a cash sale price of $69,413.08. *See id*. at ¶ 5.

15.     To complete the purchase of the Ford F-150, a personal check from a non-familial person was presented for the full amount of the vehicle ($69,413.08). *Id*. at ¶ 6.

16.     Pursuant to Oregon Department of Motor Vehicle records, the Ford F-150 is registered only to Jon M. Harder. *Id*. at ¶ 7.

17.     Defendant resides at 531 North Main Street, Canyonville, Oregon 97417 ("the Residence"), and there is reason to believe that the Ford F-150 is located at the Residence. *Id*. at ¶¶ 9, 10.


/ / /

/ / /

**UNITED STATES OF AMERICA'S APPLICATION TO**                                    **Page 4**
**ISSUE WRIT OF EXECUTION AND WRIT OF ENTRY**
*United States v. Jon Michael Harder (3:12-cr-00485-SI)*

## WRIT OF EXECUTION AND WRIT OF ENTRY

18.    The Ford F-150 identified above is property in which Defendant has possession, custody, or control, and in which the Defendant has a substantial nonexempt interest which the United States may levy upon for payment of the above judgment. 28 U.S.C. §§ 3202(a); 3203.

19.    To secure and preserve the Ford F-150, it is necessary that the United States Marshals Service ("USMS") be authorized to use reasonable force as needed to enter the gated residential property to search for and seize the Ford F-150 belonging to Defendant in order to satisfy Defendant's criminal restitution obligation. Specifically, the USMS may need to access the gated entrance of the property and/or enter out-buildings or garages on the property should the Ford F-150 be parked inside and may need to enter the residence to search for and seize keys to the Ford F-150. 28 U.S.C. § 3102(d).

**WHEREFORE**, for the reasons explained above, the government respectfully requests that this Court:

1.    Grant the Application for a Writ of Execution and Writ of Entry and issue the requested Order for Issuance of Writ of Execution and Writ of Entry.

2.    Order the United States District Clerk to issue the Writ of Execution, Clerk's Notice, and Writ of Entry.

3.    Authorize the USMS and its authorized agents to fully or partially satisfy the judgment for restitution by levying on and selling the Ford F-150 identified above.

4.    Authorize the USMS and its authorized agents to take possession of the Ford F-150, and if needed engage the services of a locksmith.

5.      Authorize that notwithstanding 28 U.S.C. § 3203(g) and pursuant to 28 U.S.C. § 3013, the Ford F-150 shall be sold as follows:

     a.   The Ford F-150 shall be sold in a commercially reasonable manner which in the USMS's sole discretion may include selling the Ford F-150 by engaging a broker and listing on a multiple listing service or by auctioning the Ford F-150.

     b.   The USMS shall set the list price in accordance with its standard practices and procedures and may make regular price adjustments to meet market conditions.

     c.   Due to the public nature of the sale or auction, publication of the sale in a newspaper in general circulation in the jurisdiction where the Ford F-150 is located is not required and no further order from this Court shall be necessary to close the sale.

6.      Authorize the USMS to issue a U.S. Marshals Deed to transfer title to the Ford F-150 from the titled owner to the buyer.

7.      Authorize that, notwithstanding 28 U.S.C. § 3203(h) and pursuant to 28 U.S.C. § 3013, the USMS shall deduct the following expenses, costs, and fees from the gross proceeds of the sale of the Ford F-150, in the following order:

     a.   USMS expenses and fees for valuation, maintenance, and disposition of the Ford F-150;

     b.   Broker fees and commissions not to exceed 6% of the sales price; and

     c.   Liens in order of filing (if any).

**UNITED STATES OF AMERICA'S APPLICATION TO**                                    **Page 6**
**ISSUE WRIT OF EXECUTION AND WRIT OF ENTRY**
*United States v. Jon Michael Harder (3:12-cr-00485-SI)*

8.     Authorize that the amount remaining after the payment of the above expenses, costs, fees, and liens shall be the "Net Proceeds."

9.     Authorize the USMS to send the Net Proceeds of the sale of the Ford F-150 to the Court's registry to be held and applied to Defendant's restitution.

10.     Authorize the USMS, for purposes of securing and preserving the Ford F-150 subject to the Writ of Execution, to enter the real property located at 531 North Main Street, Canyonville, OR 97417.

11.     Authorize the USMS, for purposes of performing the levy, to use reasonable force as needed to search for and levy upon the residence, including entering any structure including the residence, or any other structure located on the property, and use of a locksmith, to open any doors, to enable access to the garage area; and, if necessary to search the residence for keys to the Ford F-150.

Dated: January 17, 2024.

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/ Julia E. Jarrett*
JULIA E. JARRETT
Assistant United States Attorney

**UNITED STATES OF AMERICA'S APPLICATION TO**                                    **Page 7**
**ISSUE WRIT OF EXECUTION AND WRIT OF ENTRY**
*United States v. Jon Michael Harder (3:12-cr-00485-SI)*